Joshua Offenhartz, Esq. Bar No. 032494
Kiri T. Semerdjian, Bar No. 033775
**Koeller, Nebeker, Carlson & Haluck, LLP**
3800 N. Central Ave., 15th Floor
Phoenix, Arizona 85012
Phone: (602) 256-0000
Fax: (602) 256-2488
josh.offenhartz@knchlaw.com
kiri.semerdjian@knchlaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Molina Inc., an Arizona corporation, | Case No. 2:23-CV-00813-MTL |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RULE 60 MOTION TO SET ASIDE JULY 24, 2023 ORDER OF DISMISSAL AND ANY JUDGMENTS ENTERED PURSUANT TO SAME AND REOPEN CASE** |
| Mimi et Cie, LLC dba Mimi et Cie Jewelry, a California limited liability company; LA Gems Private Jewelers Inc., a California corporation; Meshell Sohl a/k/a Mimi Sohl, aka Meshell "Mimi" Sohl-Holdo and Nelson Holdo, a married couple; John Does and Jane Does I-V, husbands and wives; Black Partnerships I-V; and White Corporations I-V, | |
| Defendants. | |

Pursuant to Rule 60(b)(1)(3)&(6), Plaintiff Molina Inc., hereby requests that the Court set aside the 7-24-23 Order of Dismissal and any judgments entered pursuant to same and reopen the case. Plaintiff has recently learned that Defendants misrepresented their intent to resolve this case and have refused to sign a final settlement agreement. Therefore, there is no deal to resolve this case, and it must be allowed to go forward. This Motion is Supported by

the following Memorandum of Points and Authorities and an Affidavit from a representative of Molina Inc.

### **Memorandum of Points and Authorities**

### I.   **INTRODUCTION**

This breach of contract lawsuit arises from a consignment agreement concerning the consignment and sale of unique high-end Fabergé eggs. On April 27, 2022, Defendants entered into a Consignment Agreement with Plaintiff concerning the consignment of Fabergé eggs ("Consignment Agreement"). The Consignment Agreement covered six Fabergé eggs: Faberge Museum Egg Collection, Neuschwanstein Castle Egg, Cathedral Egg, Chicken Egg, Elephant Egg, and Piano Egg (collectively "Faberge Eggs"). Payment for the eggs was due upon the for a mutually agreed upon value of $175,000.00 due upon sale. At some point after signing the Consignment Agreement, Defendants sold the Fabergé Eggs, but failed to pay Plaintiff monies owed under the Consignment Agreement.

On January 31, 2023, Plaintiff sent notice to Defendants demanding full payment required by the Consignment Agreement or the immediate return of the Faberge Eggs. On February 10, 2023, Defendants responded to Plaintiff's notice confirming that they had sold the Fabergé Eggs and acknowledging that they had failed to make payments as required by the Consignment Agreement.

On May 10, 2023, this lawsuit was filed. Shortly thereafter, Plaintiff was contacted by M. Danton Richardson who purported to be Defendants' attorney. Mr. Richardson claimed he was licensed attorney in California and sought an extension of time to file Defendants' answer, so that his pro hac vice application in Arizona could be approved. Plaintiff agreed. Mr.

Richardson also inquired about settlement possibilities, and over the next few weeks the parties reached a framework agreement. On July 13, 2023, Plaintiff, relying on the statements of Mr. Richardson that Defendants had agreed to terms, filed a Notice of Settlement with this Court which made dismissal of the action is contingent upon execution of final settlement documents. On July 24, 2023, the Court issued an Order of Dismissal.

On August 14, 2023, Plaintiff, believing all issues had been resolved, sent Defendants a draft Settlement Agreement & Release. On September 8, 2023, Defendants responded and raised substantive concerns about the draft and the framework agreement. Plaintiff attempted to resolve Defendants' concerns, but the parties could not reach a revised agreement. On October 9, 2023, Plaintiff made a final attempt to resolve the matter, which was rejected by Defendants.

## II.    ARGUMENT

Pursuant to Fed. R. Civ. P. 60(b), the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; […] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [..] and (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1)-(6). A motion under Rule 60(b)(1)–(3) "must be made within ... a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This time limit is inflexible. See Fed. R. Civ. P. 6(b)(2)("A court must not extend the time to act under Rule[ ] ... 60(b)."). "Where there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further

the competing interest in reaching the merits of a dispute." *Ellington v. LS Brianna Martin for*, No. CV-22-01782-PHX-SMB, 2023 WL 4237330, at *3 (D. Ariz. June 28, 2023) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). Rule 60(b)(6) provides relief "for ... any other reason [beyond those specified in 60(b)(1)–(5)] that justifies relief." The moving party "must show extraordinary circumstances justifying the reopening of a final judgment." *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quotations omitted). The district court has discretion to determine "whether, in light of all the circumstances, the interests of justice require" the relief. *United States v. Sparks*, 685 F.2d 1128, 1130–31 (9th Cir. 1982).

Here, Plaintiff relied on material misrepresentations from Defendants that they had agreed to terms that would have resolved all the claims alleged in the lawsuit. Based on those assurances, Plaintiff filed the Notice of Settlement. While the Court cannot enforce an unsigned settlement agreement, it can set aside the Order of Dismissal arising from the notice of settlement. Doing so, is in the best interest of justice, so that Plaintiff will not have to refile the same Complaint and re-serve Defendants, who are already on notice of the claim. Moreover, since Defendants have not appeared, there is no prejudice to them. As such, the Court should set aside the July 24, 2023 Order of Dismissal and allow the case to move forward.

## III. **CONCLUSION**

Plaintiff respectfully requests that the Court set aside the July 24, 2023 Order of Dismissal and any judgments entered pursuant to same, and allow the case to proceed.

4

DATED this 12th of October, 2023.


**KOELLER, NEBEKER, CARLSON & HALUCK, LLP**


By:    */s/ Joshua Offenhartz*
       Joshua Offenhartz
       Kiri T. Semerdjian
       *Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2023, I served the attached document by e-mail on counsel for Defendants, M. Danton Richardson, who is not a registered participant of the CM/ECF System at:

M. Danton Richardson

Law Offices of M. Danton Richardson

131 N. El Molino Avenue, Suite 310

Pasadena, California 91101

(949) 677-6434

dantonlaw@yahoo.com


By:    */s/ Joshua Offenhartz*
       Joshua Offenhartz