Joshua Offenhartz, Esq. Bar No. 032494
Kiri T. Semerdjian, Bar No. 033775
**Koeller, Nebeker, Carlson & Haluck, LLP**
3800 N. Central Ave., 15th Floor
Phoenix, Arizona 85012
Phone: (602) 256-0000
Fax: (602) 256-2488
josh.offenhartz@knchlaw.com
kiri.semerdjian@knchlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Molina Inc., an Arizona corporation, | Case No. 2:23-CV-00813-MTL |
| Plaintiff, | **AFFIDAVIT OF CORPORATE REPRESENTATIVE OF MOLINA INC IN SUPPORT OF PLAINTIFF'S MOTION TO SET SIDE ORDER OF DISMISSAL AND REOPEN CASE** |
| vs. | |
| Mimi et Cie, LLC dba Mimi et Cie Jewelry, a California limited liability company; LA Gems Private Jewelers Inc., a California corporation; Meshell Sohl a/k/a Mimi Sohl, aka Meshell "Mimi" Sohl-Holdo and Nelson Holdo, a married couple; John Does and Jane Does I-V, husbands and wives; Black Partnerships I-V; and White Corporations I-V, | |
| Defendants. | |

I, Alfredo J. Molina, affirm under penalty of perjury that the following is true and correct to the best of my knowledge:

1. My name is Alfredo J. Molina. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge, the statements contained here are true and correct, and I would so testify.

1

2. I am the Chairman of Molina Inc., and I have first-hand knowledge of the consignment deal signed by Molina Inc. and Nelson Holdo and Mimi et. Cie, LLC.

3. On April 27, 2022, Defendants entered into a Consignment Agreement with Plaintiff concerning the consignment of Fabergé eggs ("Consignment Agreement").

4. The Consignment Agreement covered six Fabergé eggs: Faberge Museum Egg Collection, Neuschwanstein Castle Egg, Cathedral Egg, Chicken Egg, Elephant Egg, and Piano Egg (collectively "Faberge Eggs").

5. Payment for the eggs was for a mutually agreed upon value of $175,000.00 due upon sale.

6. At some point after signing the Consignment Agreement, Defendants sold the Faberge Eggs, but failed to pay Plaintiff monies owed under the Consignment Agreement.

7. On January 31, 2023, I, on behalf of Plaintiff, sent notice to Defendants demanding full payment required by the Consignment Agreement or the immediate return of the Faberge Eggs.

8. On February 10, 2023, Defendants responded to our notice confirming that they had sold the Fabergé Eggs and acknowledging that they had failed to make payments as required by the Consignment Agreement. Defendants also refused to make any payment of the amounts owed.

9. On May 10, 2023, I approved the filing of this lawsuit.

10. Shortly thereafter, we were informed by counsel that Defendants had made settlement overtures. Over the next few weeks, I worked with counsel to negotiate terms for an agreement and approve a draft settlement document.

11. Based on statements made by Mr. Richardson on behalf of Defendants, I agreed to the terms of the joint settlement proposal and authorized Mr. Offenhartz to file a Notice of Settlement on July 13, 2023.

12. On September 8, 2023, I became aware that Defendants had raised issues with the terms of the framework settlement agreement. I worked with Mr. Offenhartz and the Defendants to try and resolve the dispute.

13. Unfortunately, we could not reach an agreement, and I authorized Mr. Offenhartz to make a final time-limited settlement demand.

14. On October 9, 2023, the final demand was issued, which was rejected by Defendants.

15. Had I not been given assurances by Defendants that we had a framework agreement, and that the preparation of the settlement agreement was a mere formality, I would not have agreed to settle the case nor would I have authorized Mr. Offenhartz to file a notice of settlement.

DATED tis 12th of October, 2023.

By:     /s/Alfredo J Molina
        Alfredo J. Molina
        Chairman
        Molina Inc.

3